## No. 10,356.

### DALRYMPLE v. DRENNEN.

Decided May 7, 1923.    Rehearing denied June 4, 1923.

Action for the recovery of money wrongfully retained. Judgment for defendant.

### *Reversed.*

1. FRAUD—*Real Estate Brokers—Agency.* Where a real estate broker by false representations induced his principal to reduce the price of his land to his disadvantage and to the advantage of the broker, the owner was entitled to recover the excess price received and fraudulently retained by the broker, on a sale of the property.

2. EVIDENCE—*Real Estate Brokers—Promissory Note.* In an action by the owner against a real estate broker, to recover a part of the purchase price of his land received and fraudulently retained by the broker, evidence of the reduced value of a note received and retained as a part of the purchase price by the latter, held improperly admitted.

*Error to the District Court of Morgan County, Hon. H. E. Munson, Judge.*

Mr. WALTER S. COEN, Mr. OMER T. MALLORY, Mr. WILLIAM B. PAYNTER, for plaintiff in error.

Messrs. JOHNSON & ROBINSON, Messrs. MELVILLE & MELVILLE, Mr. ARLINGTON TAYLOR, Mr. ARCHIBALD A. LEE, for defendant in error.

*En banc.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error began an action against defendant in error to recover a sum of money alleged to have been wrongfully retained by the defendant on a sale of lands in which he acted as agent for the plaintiff. The cause was tried to the court; findings for defendant, and judgment of dismissal. The plaintiff brings error.

The defendant, in 1919, was employed by plaintiff to sell a farm in Morgan county. The plaintiff had set a price of $34,000 upon the farm, later reducing it to $32,000, and on February 2, 1920, in answer to a telegram from the defendant, stating that the price must be cut to make quick sale, and that defendant was expecting buyers the next day, the plaintiff wired that he would take $30,000, if a better price could not be obtained.

Under date of January 9th the defendant wrote the plaintiff a letter containing the following:

"I thought a few days ago when I wired you that I would be able to sell your farm. However, the best offer that I could get from these parties was $28,000. If you want to let it go at that price you might wire me on receipt of this letter and I think the deal could be closed. It is getting late and I doubt if we will be able to do any better than that this Spring."

On February 27, 1920, defendant wired the plaintiff as follows: "Have offer this morning $27,500 net to you for farm:" Then followed the terms, and request for acceptance by wire, if satisfactory. In answer to that telegram the plaintiff came to Fort Morgan, and on February 28th executed an instrument agreeing to sell the farm for $27,500 net, and giving to the defendant all that might be obtained above said price.

On March 8, 1920, defendant wired the plaintiff that he had sold the farm, having already, on the 6th of March, entered into a contract with one Pippitt for a sale of the

farm for $36,000. The purchase price was in due time paid and a deed executed by the plaintiff in accordance with the contract. The purchase price was paid by the assumption of a mortgage of $10,000, the payment of $12,000 in cash, and the giving of a note for $14,000, secured by a second mortgage on the land. The defendant retained this mortgage note, giving the plaintiff $5,500, making a total of $27,500.

Plaintiff's action is based upon a charge of fraud on the part of the defendant, in that the defendant, while acting as plaintiff's agent, fraudulently represented to the plaintiff that he was unable to obtain more than $28,000 for the farm, and fraudulently concealing from plaintiff the fact that he could obtain a price far in excess of said sum; that the plaintiff was induced to accept the $28,000 believing that it was the purchase price paid by Pippitt, in reliance upon the statements and representations made by the defendant.

The court found that the defendant never had an offer for the farm at any of the prices named; that he had no offer at the time he sent the telegram of February 27th, and that these letters and the telegram were intended to induce the plaintiff to reduce the price of the farm, or as the court says, "defendant attempted by false statements to beat down the price."

When it was established that the defendant, while acting as plaintiff's agent, by false representations induced the plaintiff to reduce his price for the land, to the advantage of the defendant, and the disadvantage of the plaintiff, the latter's case was made out, so far as his right to recover something is concerned. The court seems to have based its decision and judgment upon the contract of February 28th. This is to allow the defendant to profit by his own wrong. That an agent owes to his principal the utmost good faith is elementary in the law. That well established rule is grossly violated in the case at bar.

In addition to the error thus discussed, error is assigned upon the admission of evidence as to the value, at the time

of the trial, of the $14,000 mortgage note retained by the defendant. Testimony was admitted to the effect that said note was worth only $6,000 or $7,000. It was wholly immaterial what was the value of the $14,000 mortgage note at the time of the trial. If this evidence was admissible, it must be because the defendant was entitled to be relieved from his own act in retaining the mortgage at its face value. Manifestly, the plaintiff is not required to make good defendant's losses on securities which he purchased.

There are other assignments of error which, as the judgment must be reversed, do not call for consideration. The evidence establishes beyond dispute that the plaintiff was induced to accept $27,500, through false representations by his agent as to the possibilities of selling the farm. Under settled rules of law, the plaintiff was entitled to recover.

The judgment is accordingly reversed, and the cause remanded for further proceedings in harmony with the views herein expressed.