## No. 10,722.

### DRENNEN v. DALRYMPLE.

Decided May 5, 1924.   Rehearing denied June 2, 1924.

Action for the recovery of money wrongfully retained. Judgment for plaintiff.

*Affirmed.*

1. EVIDENCE—*Real Estate Brokers—Fraud.* The opinion in Dalrymple v. Drennen, 73 Colo. 353, conclusive of the questions raised herein.

*Error to the District Court of Morgan County, Hon. H. E. Munson, Judge.*

Messrs. MELVILLE & MELVILLE, Messrs. JOHNSON & ROBINSON, Mr. ARLINGTON TAYLOR, for plaintiff in error.

Messrs. COEN, MALLORY & PAYNTER, for defendant in error.

*En banc.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THIS cause was before us under the title of Dalrymple v. Drennen and is reported in 73 Colo. 353, 215 Pac. 863, where a judgment for the present plaintiff in error was reversed.

The action was by defendant in error, hereinafter mentioned as plaintiff, against the plaintiff in error, hereinafter mentioned as defendant, to recover a sum of money which it was alleged the defendant had retained on a sale of the farm of plaintiff, in which sale the defendant acted as plaintiff's agent. In that case error was assigned upon the admission of testimony in regard to the value of a second mortgage of $14,000, which the defendant had taken as a part of the purchase price. The purchase price of the farm, as was admitted in the pleadings, was $36,000. The price reported to the owner was $28,000, $500 of which was claimed as a commission. The purchase price to the owner was made up by the assumption of a mortgage of $10,000, the payment of $12,000 in cash received from the vendee, and $5,500 paid by the defendant from his own funds, he retaining the $14,000 mortgage.

When the cause was remanded the district court entered judgment in behalf of the plaintiff for the excess claimed, and the cause is here on error to that judgment.

In discussing the admissibility of the evidence as to the value of the second mortgage, we inadvertently stated that the evidence, to which objection was made, was as to the value of the mortgage "at the time of the trial." That evidence was in fact as to the value of the mortgage at the time of the sale.

It is now contended that the ruling of this court to the effect that it was immaterial what was the value of the second mortgage at the time of the trial, is not binding upon the trial court, when evidence is offered as to the value of the mortgage at the time of the sale. The holding that the evidence was inadmissible was based upon the ground that to permit evidence as to the value of the mort-

gage would be to admit that the defendant was entitled to be relieved from his own act in retaining the mortgage at its face value. We said "manifestly the plaintiff is not required to make good defendant's losses on securities which he purchased". The effect of the transaction was that the agent purchased his principal's interest in the second mortgage, paying him $5,500 in cash therefor. The fraud upon which relief was granted was effected by concealing the fact that the agent had received more than the $5,500. We think the former opinion is conclusive upon the point now presented.

The judgment is accordingly affirmed.